

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

(212) 416-6295

March 20, 2015

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

                 Re:    LeslieAnn Manning v. Patrick Griffin, et al. 15 Civ. 003 (KMK)

Dear Judge Karas:

      I represent defendants Patrick Griffin, Mark Royce and Peter Cohen in the above-referenced action. I have determined that a Rule 12(b)(6) motion to dismiss, or in the alternative, a motion for summary judgment, is appropriate in this case. Accordingly, in compliance with Section IIA of Your Honor's Individual Rules of Practice, I write to respectfully request a pre-motion conference to discuss defendants' proposed motion. Also in accordance with Your Honor's rules, I respectfully request that defendants' time to move or answer the complaint be stayed until the pre- motion conference with the Court.

      Plaintiff, a transgender inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), has filed a 42 U.S.C. § 1983 action against the defendants alleging that they violated her constitutional rights while she was incarcerated at Sullivan Correctional Facility. Plaintiff specifically alleges that she was raped by another inmate on February 5, 2013 and that the defendants, who are responsible for her safety and security, failed to protect her from being raped and were deliberately indifferent to her "vulnerable situation" as a transgender inmate. See Complaint at ¶ 1.

      However, plaintiff's complaint should be dismissed on the grounds that (1) she has not exhausted her administrative remedies under the Prison Litigation Reform Act (PLRA); (2) she has failed to state a failure to protect and/or deliberate indifference claim under the Eighth Amendment; (3) she fails to allege the personal involvement of defendants in any alleged constitutional violation and (4) defendants are entitled to qualified immunity.

**Failure to Exhaust Administrative Remedies**

It is well settled that the PLRA requires a prisoner to exhaust all available administrative remedies before filing a lawsuit with respect to prison life. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion must occur prior to filing a federal lawsuit. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). An inmate's failure to exhaust is an absolute bar to an action in federal court and warrants dismissal of the section 1983 action. Id.; see also Sloane v. Mazzuca, No. 04 Civ. 8266 (KMK), 2006 U.S. Dist. LEXIS 79817 (S.D.N.Y 2006) (Court converted 12(b)(6) motion on failure to exhaust into a motion for summary judgment) citing McCoy v. Goord, 255 F.Supp.2d 233, 248 (S.D.N.Y. 2003)("[N]onexhaustion should be resolved as early as possible by the court.").

According to DOCCS' records, plaintiff did not grieve any of the allegations she has raised in this lawsuit against the defendants, i.e. failure to protect and deliberate indifference to her safety. Therefore, all claims against the defendants should be dismissed for failure to exhaust.

**Failure to State an Eighth Amendment Claim**

An inmate asserting a § 1983 claim that a prison official failed to protect her from harm in violation of the Eighth Amendment must satisfy both prongs of the test found in Farmer v. Brennan, 511 U.S. 825 (1994). Under the objective prong, the inmate must show that she was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)) (footnote omitted). Subjectively, the prison official must have acted with "deliberate indifference" to the inmate's safety. Id. Deliberate indifference does not exist "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff fails to allege that defendants were deliberately indifferent to a substantial risk of serious harm to plaintiff. Plaintiff does not allege that she alerted any of the defendants that she feared for her safety from the inmate who allegedly raped her on February 5, 2013. She also has not alleged that she alerted defendants that she feared for her safety from any inmates, due to her transgender status. Claiming that defendants should have known of a substantial risk of serious harm to plaintiff simply because she was a transgender female is not enough. Rather, plaintiff must prove that defendants actually knew of a substantial risk of serious harm to her. See Goodson v. Wright, 2012 U.S. Dist. LEXIS 122499, at *18 (S.D.N.Y. May 23, 2012) ("[s]ubjectively, however, to plausibly establish his failure to protect claim Goodson must set forth facts demonstrating that the defendants were actually aware of the risk, and not simply that they should have been") (citations omitted). "Mere negligence by a prison officer does not establish a claim for 'deliberate indifference' to prisoner's safety." Fernandez v. New York City Dep't of Correction, 2010 U.S. Dist. LEXIS 29686, at *12 (S.D.N.Y. March 29, 2010).

**Defendants Were Not Personally Involved in Any Constitutional Violation**

Personal involvement of an individual defendant in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.  Colon v. Coughlin, 58 F.3d 865, 873 (2d. Cir. 1995).  When monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of personal responsibility of the defendant is required.  See Monnell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989).  To prevail on a claim against a supervisor, a plaintiff must demonstrate that the supervisor (1) directly participated in the alleged constitutional violation; (2) failed to remedy the wrong after learning of such wrong through a report or an appeal; (3) created or continued a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful act; or (5) exhibited deliberate indifference to the plaintiff's rights by failing to act on information indicating that unconstitutional acts were occurring.  See Colon, 58 F.3d at 873.  Moreover, in light of the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), some New York district courts have held that at least some of the Colon factors no longer apply.  See e.g. De La Rosa v. New York City 33 Precinct, 2010 WL 1737108, at *4 (S.D.N.Y. Apr. 27, 2010). Whether analyzed under the Colon factors or some courts' post-Iqbal analysis, plaintiff fails to sufficiently allege defendants' personal involvement in any constitutional violation.

**Defendants are Entitled to Qualified Immunity**

Qualified immunity protects government officials from civil liability as long as "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Qualified immunity involves a two-step analysis:  (1) whether the defendant's alleged conduct violated a constitutional right; and (2) whether the right was clearly established or whether it was objectively reasonable for the defendant to believe that the law did not prohibit his action.  Ehrlich v. Town of Glastonbury, 348 F.3d 48, 54-55 (2d Cir. 2003); Poe v. Leonard, 282 F.3d 123, 132-33 (2d Cir. 2002).

Even if this Court were to find that plaintiff has stated a claim for an Eighth Amendment violation, defendants are entitled to qualified immunity.  The law is clearly established that prison officials will not be found to be deliberately indifferent for failing to take action to protect an inmate from serious harm where the officials were not aware of any substantial and specific risk of serious harm to that inmate.  Plaintiff's complaint fails to allege any facts showing that defendants were ever aware of any specific risk to plaintiff posed by the inmate who allegedly raped her on February 5, 2013 at Sullivan Correctional Facility.  Accordingly, defendants are entitled to qualified immune.

For the reasons set forth herein, defendants respectfully request a pre-motion conference with the Court to discuss the basis for their anticipated motion to dismiss the complaint.

Respectfully submitted,

*/s **Maria B. Hartofilis***
Maria B. Hartofilis
Assistant Attorney General