UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIEANN MANNING,

                            Plaintiff,

      - against-　　　　　　　　　　　　　　　　Docket Number
　　　　　　　　　　　　　　　　　　　　　　　15-CV. 003 (KMK)(PED)

PATRICK GRIFFIN, et al.,

                            Defendants.

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the
                                            State of New York
                                            Attorney for Defendants
                                            120 Broadway, 24th Floor
                                            New York, New York 10271
                                            (212) 416-6185

MARIA B. HARTOFILIS
Assistant Attorney General
     of Counsel

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

POINT I   PLAINTIFF FAILS TO COMPLY WITH THE COURT'S ORDER TO AMEND THE COMPLAINT AND TO STATE AN EIGHTH AMENDMENT CLAIM FOR FAILURE TO PROTECT .............................. 2

POINT II   PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANTS IN ALLEGED CONSTITUTIONAL VIOLATION ……………………………………….……………….…… 8

POINT III   PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND THE COMPLAINT FOR A THIRD TIME   ……………….……………………….….9

CONCLUSION........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662 (2009)............................................................................................................ 8

<u>Bass v. Jackson</u>,
   790 F.2d 260 (2d Cir. 1986)..............................................................................................5

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544 (2007).......................................................................................................3, 9

<u>Coronado v. Goord</u>,
   No. 99 Civ. 1674, 2000 U.S. Dist. LEXIS 13876 (S.D.N.Y. Sept. 25, 2000) ...........................8

<u>Denny v. Barber</u>,
   576 F.2d 465 (2d Cir. 1978)............................................................................................10

<u>Farmer v. Brennan</u>,
   511 U.S. 825 (1994)..........................................................................................................3

<u>Grullon v. City of New Haven</u>,
   720 F.3d 133 (2d Cir. 2013)..............................................................................................8

<u>Montano Cigarette, Candy & Tobacco, Inc v. Core-Mark Mid-Continent, Inc.</u>,
   No. 08 Civ. 426, 2008 U.S. Dist. LEXIS 89068 (D. Conn. Oct. 31, 2008).........................9, 10

<u>Parris v. N.Y.S. Dep't of Corr. Servs.</u>,
   947 F. Supp. 2d 354 (S.D.N.Y. 2013).....................................................................................8

<u>Salaam v. Syracuse Model Neighborhood Facility</u>,
   No. 11 Civ. 948, 2012 U.S. Dist. LEXIS 35092 (N.D.N.Y. Mar. 15, 2012) ...........................6

<u>Turkmen v. Hasty</u>,
   789 F.3d 218 (2d Cir. 2015)..............................................................................................8

**Constitutions**

Eighth Amendment .....................................................................................................................2

**Federal Statutes**

42 U.S.C.
   § 1983....................................................................................................................................5, 8

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 9,10

**PRELIMINARY STATEMENT**

Defendants, Patrick Griffin ("Supt. Griffin"), former Superintendent of Sullivan Correctional Facility ("Sullivan"), Captain Stephen Urbanski ("Captain Urbanski"), Sergeant Brian Barlow ("Sgt. Barlow"), Correction Officer Daniel Ladenhauf ("C.O. Ladenhauf") and Peter Cohen, a former teacher at the Sensorially Disabled Program at Sullivan, submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC"), pursuant to Fed. R. Civ. P. 12(b)(6).

As set forth in defendants' moving papers, which are incorporated by reference herein, plaintiff fails to correct the pleading deficiencies identified by the Court in its March 31, 2016 Opinion and Order ("Order"), which granted Defendants Motion to Dismiss the Amended Complaint, and permitted plaintiff to amend the complaint in order to address the pleading deficiencies identified by the court. [1] See Defendants' Memorandum of Law in Support of their Motion to Dismiss the Second Amended Complaint ("Def. Mem.").  Plaintiff has once again failed to allege sufficient facts to establish the subjective prong of a deliberate indifference claim, i.e. that each of the defendants had knowledge that the conditions in Sublevel E of

---

[1] The Court held that the Amended Complaint was deficient for failure to contain the following allegations, necessary to adequately plead the subjective prong of a failure to protect claim (Order at pp. 22-25):
- No allegations about any pattern of violence in Sublevel E;
- No allegations that any inmates had ever been involved in any attacks on Sublevel E, let alone that such attacks were common and thus would provide notice to defendants that the conditions in Sublevel E posed a substantial risk to inmates;
- No allegations of any sexual assaults on Sublevel E before Plaintiff was sexually assaulted;
- No allegations that there had been any sexual assaults of transgender inmates (let alone a pattern of such), either on Sublevel E or at Sullivan more generally;
- No allegations that plaintiff complained to defendant Cohen on any danger of violent attacks as a result of the lack of supervision in Sublevel E;
- The Amended Complaint does not clearly allege what it is Cohen could have or should have done, as a civilian instructor, with respect to the allegedly dangerous conditions of Sublevel E and
- Plaintiff has not adequately alleged that Griffin or Barlow made any decisions with respect to the security of Sublevel E in conscious disregard of a substantial risk of harm to either Plaintiff specifically or Sullivan inmates in general.

Sullivan posed a substantial risk of harm to plaintiff and that defendants disregarded the risk of serious harm by failing to take reasonable measures to abate the harm. See Order at 23-25.

In an effort to defeat dismissal of this action, plaintiff attempts to cloud the issues in this case by ignoring the pleading deficiencies and the arguments raised by defendants in their moving papers, and instead referring to irrelevant security measures that allegedly should have been taken at Sullivan to prevent the alleged rape of plaintiff. See Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at pp. 3, 10-11. However, these security measures are not at issue in this case since plaintiff has failed to allege that the Sublevel E area of Sullivan posed a substantial risk to inmates in that area, specifically transgender inmates, necessitating further security measures, much less that the individual defendants were aware of that risk and failed to respond. See Def. Mem. at pp. 8-21. Thus, plaintiff has once again failed to satisfy the Eighth Amendment deliberate indifference standard. In her reply, plaintiff attempts to cobble together a theory of liability by conclusorily alleging a general danger in Sublevel E and that the defendants were aware that plaintiff worked in that area. This theory requires the Court to make unwarranted leaps of logic, i.e. that merely knowing that plaintiff worked in Sublevel E put defendants on notice of a danger that required specific precautions with respect to plaintiff. Accordingly, plaintiff's failure to protect claim must be dismissed for failure to state a claim and failure to allege that any of the defendants were personally involved in the alleged constitutional violation. Id. at pp. 21-25.

## ARGUMENT
### POINT I
### PLAINTIFF FAILS TO COMPLY WITH THE COURT'S ORDER TO AMEND THE COMPLAINT AND FAILS TO STATE AN EIGHTH AMENDMENT CLAIM

As set forth in defendants' moving papers, even assuming, without conceding, that plaintiff has adequately alleged defendants were aware that plaintiff faced a general heightened

risk of sexual assault as a transgender woman in a male prison, as the court previously found (Order at 20), and that plaintiff now sufficiently pleads that defendants were all aware that plaintiff worked in the sublevel area, that alone does not cure the pleading deficiencies identified by the Court. The SAC fails to correct the pleading defects identified by the Court in that if fails to allege that the conditions in Sublevel E, of which all defendants were allegedly aware, posed a substantial risk to inmates in the sublevel. Order at pp. 22-25; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (Deliberate indifference does not exist "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") The few additional facts alleged in the SAC either do not assert that defendants were aware of those facts, or that those facts put them on notice of a danger of the type experienced by plaintiff. Accordingly, the SAC falls short of amplifying the claims with the required factual detail required "to raise [plaintiff's] right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "to state a claim to relief that is plausible on its face." Id. at 570. In addition, "[w]hile the Court finds that Plaintiff has adequately alleged at this stage that each Defendant was aware of a general heightened risk of sexual assault faced by Plaintiff as a transgender woman in a male prison," that does not translate into knowledge that plaintiff would "likely" be sexually assaulted or that her sexual assault was "inevitable" as alleged by plaintiff. Pl. Opp. at 1, 10, 15. Plaintiff has also failed to allege that defendants disregarded any risk by failing to take reasonable measures. In the end, plaintiff still has nothing more than an allegation that plaintiff is a transgender woman and that she worked in the sublevel. This is insufficient.

The vague new allegations, that prior to the plaintiff's arrival at Sullivan there had been instances of prohibited behavior, including sexual activity in the sublevel, do not plausibly allege that defendants were aware of this danger. Def. Mem. at pp. 10-11. First, as discussed further in POINT II, plaintiff has failed to sufficiently allege that each of the defendants was aware of this alleged danger, but relies on inferences and speculation.

Second, plaintiff has failed to cure the deficiencies found in the prior pleading by specifically pleading facts that showed a danger to plaintiff. For example, plaintiff does not make clear what type of "sexual activity" took place, whether the sexual activity was consensual or not, or whether it involved transgender inmates. SAC ¶ 24. Additionally, plaintiff does not allege when the alleged "sexual activity" occurred. Indeed, plaintiff alleges incidents that happened prior to the plaintiff's arrival at Sullivan, and thus fails to support a plausible inference that the defendants were also present at Sullivan when the incidents took place, let alone were aware of such risk in the sublevel. Id. Similarly, the conclusory statement that "upon information and belief" there had been "a pattern of sexual assaults in the sublevel areas at Sullivan" (SAC ¶ 29) does not specify when the alleged assaults took place, the nature of the assaults, whether the victims were transgender, and the frequency of the assaults. Significantly, the SAC is devoid of allegations that the defendants were all aware of these alleged prior events.

The court previously found that "there are no allegations that there had been any sexual assaults of transgender inmates (let alone a pattern of such), either on Sublevel E or at Sullivan more generally." Order at 25. The new allegations are similarly insufficient because they fail to establish that the alleged prior attacks were similar to the one suffered by the plaintiff - an inmate-on-transgender inmate assault. For example, plaintiff relies upon letters concerning harassment by officials, not inmates. Pl. Opp at p. 5. And reports and studies plaintiff relies on,

4

even assuming they are admissible, do not put defendants on notice of a danger in the sublevel. Id. at pp. 18, 21.  It is well established that a Section 1983 plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Plaintiff has failed to do so here because there is no apparent connection between allegations that staff "squeezed" plaintiff's breasts during a pat frisk and an unforeseen rape by an inmate. As the court recognized, "the letters detail only actions by, and fears of, prison staff and not inmates." Order at 20.  There are no new allegations that Supt. Griffin and Captain Urbanski received complaints related to the risk of sexual harassment by inmates. Plaintiff's new allegations, regarding the baseless and purely speculative opinions of unidentified corrections experts, that harassment by staff can lead to violence by inmates, requires an unwarranted leap of logic and does not establish awareness by Supt. Griffin and Captain Urbanski of a substantial risk to plaintiff of sexual assault by another inmate.  SAC ¶ 73. Plaintiff also cannot argue, on the one hand, that defendants had to provide plaintiff increased safety measures or special attention because of her vulnerability to sexual violence as a transgender status, and then argue that defendants were not required to have actual knowledge of prior incidents of sexual assaults at Sullivan involving transgender inmates in order to protect her. See Pl. Opp at pp. 13-14.

Plaintiff has also not addressed the pleading deficiencies the Court and defendants have identified pertaining to defendant Peter Cohen. Def. Mem. at pp. 18, 23.  Although plaintiff alleges that she told him that "there was not enough control over the area" and that the area was "dangerous" prior to the incident, this vague reference to danger did not put him on notice that she was at risk.  SAC ¶ 32. Plaintiff  does not allege that Peter Cohen knew about Williams' "reputation," that he knew about the alleged earlier harassment of plaintiff by Williams, or that

5

he knew of a history of inmate-on-inmate attacks at Sullivan similar to the one allegedly suffered by plaintiff. Plaintiff also fails to allege that Peter Cohen knew about the alleged earlier sexual activity and sexual assaults in the sublevel area. As a civilian employee, Peter Cohen also had no responsibility for setting policy on security. Thus, the new allegations that "upon information and belief, [Peter Cohen] had the ability and authority to lock or unlock the doors of the sublevel and to issue disciplinary infractions to prisoners" as well as "to notify security staff of any breach of security" are not only unsupported by the requisite facts (See Salaam v. Syracuse Model Neighborhood Facility, No. 11 Civ. 948, 2012 U.S. Dist. LEXIS 35092 (N.D.N.Y. Mar. 15, 2012)), but are irrelevant. SAC ¶ 33.

Plaintiff's allegations regarding her alleged attacker's (inmate Ernest Williams) dangerousness also do not cure her pleading deficiencies. Def. Mem. at 19. Plaintiff does not allege any facts to support her "belief" that defendants were aware that Williams posed a substantial risk to plaintiff. SAC at ¶¶ 18, 21. There are no allegations that any of the defendants were involved in disciplining Williams for the alleged sexual assaults on inmate Martin Fairhurst, or that they otherwise had notice of the alleged assaults. There are no allegations that the defendants knew Williams attended programs in Sublevel E. There are no allegations that Williams' prior sexual assaults were directed at transgender inmates. In addition, plaintiff did not give the defendants notice regarding potential harm by Williams because she concedes that she did not report that he had previously exposed himself to her in a harassing manner. SAC ¶ 56.

Similarly, plaintiff's allegation that using the classrooms in Sublevel E for sex offender meetings was a deliberate disregard of the heightened security risks does not support knowledge of a substantial risk to plaintiff, or that it was a factor in her attack. SAC ¶ 28. Significantly, plaintiff does not allege that her attacker was a convicted sex offender or that the sexual assault

occurred while a sex offender meeting was in session, much less that these sex offenders had a history of attacking transgender individuals. See SAC.

Finally, plaintiff attempts to defeat dismissal of the SAC by referring to alleged security deficiencies which do not have any relevance in this case. Whether or not (1) any officials at Sullivan spoke to plaintiff upon her arrival at the facility, or a her quarterly reviews, to assess her safety as a transgender inmate, (2) the Sublevel E area of the facility was adequately monitored, and (3) the Sublevel E area of the facility had video surveillance, is completely irrelevant to whether plaintiff sufficiently plead that the conditions in the sublevel posed a substantial risk to inmates, which defendants were all aware of, to satisfy the subjective prong of deliberate indifference. Pl. Opp. at pp. 11-12. If Sublevel E did not pose a substantial risk to plaintiff, of which defendants were aware, it is irrelevant that facility officials allegedly did not meet with plaintiff upon her arrival at the facility to assess her safety, that safety was allegedly not discussed at her quarterly reviews, that plaintiff claims there should have been more frequent rounds of the area by security staff, and that the area was allegedly not equipped with video cameras, because there was no danger or risk of sexual assaults that defendants had knowledge of that these security measures would abate. There are also no allegations that any of the defendants were responsible for meeting with plaintiff upon her arrival at Sullivan, would have participated in her quarterly reviews, sat on the programs committee, been involved in plaintiff's housing or programming or in the housing or programming of her alleged attacker.[2] Accordingly, plaintiff's attempt to obfuscate her pleading deficiencies, with security measures that would have been unnecessary under the circumstances as plead by plaintiff, must be rejected by the Court.

---

[2] Plaintiff's continued reference to her housing unit is irrelevant since the alleged rape occurred in Sublevel E and not her housing unit. Pl. Opp at p. 3.

In the end, plaintiff's theory is muddled and inconsistent. Plaintiff cannot rely on allegations of danger in the sublevel as conclusory as they may be, but not specify that these incidents involved transgender inmates, while arguing that defendants had a duty to take precautions because plaintiff was transgender. Plaintiff cannot disavow reliance on a theory of danger to all inmates (Pl. Opp at p. 14) while building her case precisely on such allegations, if her theory is that plaintiff was in known danger because she is transgender. Thus, plaintiff's attempt to distinguish Parris v. N.Y.S. Dep't of Corr. Servs., 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) and Coronado v. Goord, No. 99 Civ. 1674, 2000 U.S. Dist. LEXIS 13876, at *13 (S.D.N.Y. Sept. 25, 2000) fails.

## POINT II
## PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANTS IN THE ALLEGED CONSTITUTIONAL VIOLATION

Plaintiff has failed to allege the personal involvement of any of the defendants in the alleged constitutional violations. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). In addition, as this Court noted, supervisory defendants can be "liable, only if, through their own actions, they satisfy each element of the underlying constitutional tort." Turkmen v. Hasty, 789 F.3d 218, 250 (2d Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Thus, "supervisory liability has been essentially transformed into a question of direct liability." Order at 28 (citations omitted). For many of the same reasons that plaintiff fails to state a claim, plaintiff fails to sufficiently allege the personal involvement of defendants in the failure to protect claim because she has not put forth any non-conclusory

8

allegations imputing knowledge to these defendants of a substantial risk of harm to plaintiff in Sublevel E of Sullivan. Def. Mem. at pp. 21-25.

In addition to not providing plausible and non-speculative allegations of prior sexual assaults of inmates, and specifically transgender inmates, in Sublevel E of Sullivan, the SAC is devoid of any allegations that the defendants were aware of conditions in Sublevel E which would pose a substantial risk to inmates in the sublevel area. Def. Mem. at 10-11, 14-21. Now, in opposition, in an attempt to cure the deficiencies identified by the Court, plaintiff asks the court to "infer" that defendants knew about the alleged prior sexual activity and assaults in Sublevel E. See Pl. Opp at p. 19-24.  These newly raised speculative allegations should be rejected by the Court.  See Twombly, 550 U.S. at 555.

## POINT III
## PLAINTIFF SHOULD NOT BE PERMITTED
## TO AMEND THE COMPLAINT FOR A THIRD TIME

The new allegations raised in the SAC fall short of amplifying the claims with the required factual details ordered by the Court to render the claim plausible.  See Montano Cigarette, Candy & Tobacco, Inc v. Core-Mark Mid-Continent, Inc., No. 08 Civ. 426, 2008 U.S. Dist. LEXIS 89068, at *2 (D. Conn. Oct. 31, 2008)  (holding plaintiff "failed Twombly's flexible plausibility standard" after court highlighted plaintiff's vague and conclusory allegations during the oral argument on defendants' 12(b)(6) motion. The court emphasized that the plaintiff's choice not to include the requested information in its Second Amended Complaint can only mean that it lacks such information.  After having found that the plaintiff had had three chances to plead its claims and had come up woefully short, the court dismissed the plaintiff's claims.)

The Court in dismissing the Amended Complaint "put plaintiff's counsel on the plainest notice of what was required" to sufficiently plead a failure to protect claim. See Order at pp. 22-

9

25, 30-31; see also Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1978) (Court affirmed dismissal of amended complaint for failure to meet Fed. R. Civ. P. pleading requirements and held plaintiff was not entitled to a second amended complaint where there were doubts that the proposed amendments would in fact cure the pleading defects).  The pleading omissions in this case are "particularly glaring" since the Court discussed them in detail during the oral argument on defendants' 12(b)(6) motion and "can only mean that [plaintiff] lacks such information." Montano, 2008 U.S. Dist. LEXIS 89068, at *6.  Plaintiff has not offered any authority to be allowed to amend the complaint, yet again, after discovery, to re-name any dismissed defendants. Pl. Opp at 25. Accordingly, since granting Plaintiff leave to amend a third time would be futile, the dismissal of the SAC should be with prejudice.

## CONCLUSION

For the reasons set forth above and in defendants moving papers, defendants respectfully request that the Court dismiss the Second Amended Complaint in its entirety.

Dated: New York, New York
       January 20, 2017

>                              Respectfully submitted,
>                              ERIC T. SCHNEIDERMAN
>                              Attorney General of the State of New York
>                              Attorney for Defendants
>
>                              /s *Maria Barous Hartofilis*
>                              _____
>                              MARIA B. HARTOFILIS
>                              Assistant Attorney General
>                              120 Broadway – 24th Floor
>                              New York, New York 10271
>                              (212) 416-6295

TO:   Betsy R. Ginsburg, Esq.
      Susan Victoria Hazeldean, Esq.
      *Counsel for Plaintiff*
      *By ECF*

10