UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIEANN MANNING,

                                        Plaintiff,

                    -against-

PATRICK GRIFFIN, Superintendent, Sullivan
Correctional Facility; STEPHEN URBANSKI, Captain,
Sullivan Correctional Facility; PETER COHEN,
Instructor, Sullivan Correctional Facility; BRIAN
BARLOW, Correctional Sergeant, Sullivan Correctional
Facility; and DANIEL LADENHAUF, Correctional
Officer, Sullivan Correctional Facility,

                                        Defendants.

ANSWER TO SECOND
AMEDNED COMPLAINT

15-CV-003 (KMK) (PED)

Jury Trial Demanded

        Defendant Daniel Ladenhauf, by his attorneys, Lippes Mathias Wexler Friedman, LLP,

Jeffrey P. Mans, of Counsel, answers the plaintiff's Second Amended Complaint (Dkt. 33), dated

May 31, 2016, as follows:

        1.      Denies each and every allegation contained in the Second Amended Complaint that

alleges or tends to allege that defendant Ladenhauf's actions challenged herein were in any way

contrary to constitutional, statutory, regulatory or case law.

        2.      Denies the allegations contained in paragraph 65 of the Second Amended

Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 1, 2, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,

27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54,

55, 56, 58, 59, 60, 70, 71, 72, 73, 74, 75, 76 and 77 of the Second Amended Complaint.

        4.      The allegations set forth in paragraphs 3, 57, 63, 79, 80 and 81 of the Second

Amended Complaint do not set forth averments of fact, but instead set forth plaintiff's legal

conclusions, legal characterizations and/or legal demands, for which no responsive pleading is required; to the extent such allegations may be deemed factual in nature, they are denied.

5.       The allegations set forth in paragraph 4 of the Second Amended Complaint do not set forth an averment of fact, but instead set forth plaintiff's legal conclusions, legal characterizations and/or legal demands, for which no responsive pleading is required; to the extent such allegations may be deemed factual in nature, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6.       Admits the allegations contained in paragraph 5 of the Second Amended Complaint to the extent that Sullivan Correctional Facility is located in the Town of Fallsburg in Sullivan County, New York, and within the territorial jurisdiction of this Court, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

7.       Admits the allegations contained in paragraph 6 of the Second Amended Complaint to the extent that plaintiff was an inmate committed to the custody of the New York State Department of Corrections and Community Supervision during all relevant times herein and incarcerated at Sullivan Correctional Facility, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

8.       Admits the allegations contained in paragraph 7 of the Second Amended Complaint to the extent that defendant Griffin served as Superintendent of Sullivan Correctional Facility (hereinafter "Sullivan CF") during all relevant times herein, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

9.       Admits the allegations contained in paragraph 8 of the Second Amended Complaint to the extent that defendant Urbanski served as a Correction Captain at Sullivan CF during all

relevant times herein, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

10.     Admits the allegations contained in paragraph 9 of the Second Amended Complaint to the extent that defendant Barlow served as a Correction Sergeant at Sullivan CF during all relevant times herein, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

11.     Admits the allegations contained in paragraphs 10, 34 and 35 of the Second Amended Complaint to the extent that defendant Ladenhauf served as a Correction Officer at Sullivan CF during all relevant times herein, with certain job duties and responsibilities pursuant to his job title and bid job at Sullivan CF, denies each and every allegation inconsistent therewith, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

12.     Admits the allegations contained in paragraph 11 of the Second Amended Complaint to the extent that defendant Cohen served as an Instructor at Sullivan CF, during all relevant times herein, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

13.     With respect to the allegations contained in paragraph 61 of the Second Amended Complaint, respectfully refer to the Prison Elimination Rape Act (PREA) referenced therein, which speaks for itself, denies each and every allegation inconsistent therewith, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

14.     With respect to the allegations contained in paragraphs 62, 66, 67, 68 and 69 of the Second Amended Complaint, respectfully refer to the statutes, reports studies directives and

3

materials referenced therein, which speak for themselves, and denies each and every allegation inconsistent therewith.

15.     With respect to the allegations contained in paragraph 64 of the Second Amended Complaint, respectfully refer to BJS. DOJ and NIC materials referenced therein, which speak for themselves, denies each and every allegation inconsistent therewith, and denies sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein.

16.     In response to the allegations contained in paragraph 78 of the Second Amended Complaint, hereby repeats and reasserts his answers to each and every allegation contained in the Second Amended Complaint, as though fully set forth herein.

17.     Denies each and every remaining allegation contained in the Second Amended Complaint not specifically responded to above.

**DEFENSES**

18.     The Second Amended Complaint fails to state a claim upon which relief can be granted, at least in part.

19.     During all relevant times herein defendant Ladenhauf acted under the reasonable belief that his conduct was in accordance with clearly established law.  He is, therefore, protected under the doctrine of qualified immunity.

20.     The Second Amended Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

21.     To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

22.     To the extent that defendant Ladenhauf is sued in his official capacity, the action is barred by the Eleventh Amendment.

23.     The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

24.     The Second Amended Complaint is barred, in whole or in part, under the Eleventh Amendment.

25.     No personal jurisdiction has been acquired over defendant Ladenhauf.

26.     Defendant Ladenhauf at no time acted willfully or maliciously in disregard of plaintiff's constitutional rights, and plaintiff is therefore not entitled to punitive damages or other relief.

27.     The injuries allegedly sustained by plaintiff herein were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendant Ladenhauf is not responsible.

28.     Plaintiff has failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act, and the Second Amended Complaint must be dismissed based upon such failure.

29.     To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, she is barred from proceeding under section 1915 of the Prison Litigation Reform Act.

30.     To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

31.     Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to section 807 of the Prison Litigation Reform Act, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

32.     Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes.  Pursuant to section 808 of the Prison Litigation Reform Act, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated.  Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or she should be barred from recovery.

33.     Defendant Ladenhauf hereby demands a trial by jury.

**WHEREFORE**, defendant Daniel Ladenhauf respectfully demands judgment dismissing the Second Amended Complaint, for the costs and disbursements of this action, and for such other and further relief as to the Court shall seem just and equitable.

Dated:  Albany, New York
        November 22, 2017

LIPPES MATHIAS WEXLER FRIEDMAN, LLP

By:

/S/  *Jeffrey P. Mans*

Jeffrey P. Mans, of Counsel
SDNY Bar No. JM0212
Attorneys for Defendant Ladenhauf
54 State Street, Suite 1001
Albany, New York 12207
Tel: (518) 462-0110, ext. 405
Fax: (518) 462-5260
jmans@lippes.com

6

To:  Betsy Ginsberg, Esq. (*via* ECF)
      Cardozo Civil Rights Clinic
      Attorney for Plaintiff
      Cardozo Law School
      55 Fifth Avenue, 11th Floor
      New York, New York 10003

      Susan Hazeldean, Esq. (*via* ECF)
      Cornell LGBT Clinic
      Attorney for Plaintiff
      Cornell Law School
      149 Myron Taylor Hall
      Ithaca, New York 14853

      Maria B. Hartofilis, AAG (*via* ECF)
      State Attorney General's Office
      Attorneys for State Defendants
      120 Broadway, 26th Floor
      New York, New York 10271

**CERTIFICATION OF SERVICE**

I hereby certify that the foregoing Answer filed on behalf of defendant Daniel Ladenhauf was served *via* the Court's Electronic Case Filing (ECF) system on counsel for all parties of record in this action on November 22, 2017.

Dated:  Albany, New York
        November 22, 2017

/S/ *Jeffrey P. Mans*

Jeffrey P. Mans
Bar No. JM0212