UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIEANN MANNING,

                 Plaintiff,

              -against-

PATRICK GRIFFIN, Superintendent, Sullivan Correctional Facility; STEPHEN URBANSKI, Captain, Sullivan Correctional Facility; PETER COHEN, Instructor, Sullivan Correctional Facility; BRIAN BARLOW, Correctional Sergeant, Sullivan Correctional Facility; and DANIEL LADENHAUF, Correctional Officer, Sullivan Correctional Facility,

                 Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

15-CV-003 (KMK) (PED)

Jury Trial Demanded

Defendants, Patrick Griffin, Stephen Urbanski and Brian Barlow, by their attorneys, Gleason, Dunn, Walsh & O'Shea, and for their Answer to the Second Amended Complaint (Dkt. 33) dated May 31, 2016, allege as follows:

1.     Denies each and every allegation contained in paragraphs "1", "3", "54", "57", "70", "71", "77", "79", "80" and "81" of the Second Amended Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "2", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "55", "56", "58", "59", "60", "62", "64", "65", "66", "67", "68", "72", "73" and "74" of the Second Amended Complaint.

3. The allegations set forth in paragraphs "4" and "5" are legal conclusions to which no responsive pleadings is required. To the extent a response is required, defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

4. As to the allegations set forth in paragraph "7" of the Second Amended Complaint, refers this Court to the job description of defendant Griffin and otherwise denies the allegations.

5. As to the allegations set forth in paragraph "8" of the Second Amended Complaint, refers this Court to the job description of defendant Urbanski and otherwise denies the allegations.

6. As to the allegations set forth in paragraph "9" of the Second Amended Complaint, refers this Court to the job description of defendant Barlow and otherwise denies the allegations.

7. The allegations set forth in paragraph "61" are legal conclusions and interpretations not requiring a response; to the extent a response is required, defendants deny the allegations.

8. The allegations set forth in paragraph "63" are legal conclusions and interpretations not requiring a response; to the extent a response is required, defendants deny the allegations.

9. As to the allegations set forth in paragraph "69", defendants refer this Court to the Directive for its content and otherwise deny the allegations.

10. As to the allegations set forth in paragraph "75", defendants refer this Court to the referenced letter for its content and otherwise deny the allegations.

11. As to the allegations set forth in paragraph "76", defendants refer this Court to the letter for its content and otherwise deny the allegations.

12. As to the allegations set forth in paragraph "78", defendants incorporate by reference all responses to the previous paragraphs responding to the paragraphs of the Second Amended Complaint referenced therein.

13. Defendants deny any allegations to which a response is not otherwise provided, including the 22 footnotes, to the extent a response to them is required and not otherwise considered incorporated in the responses to the text of the paragraphs to which they refer.

## AS AND FOR A FIRST DEFENSE

14. The Second Amended Complaint fails to state a claim upon which relief can be granted, at least in part.

## AS AND FOR A SECOND DEFENSE

15. During all relevant times herein, defendants Griffin, Urbanski and Barlow acted under the reasonable belief that their conduct was in accordance with clearly established law and their conduct was not in violation of clearly established law. They are protected under the doctrine of qualified immunity.

## AS AND FOR A THIRD DEFENSE

16. The claim against defendant Urbanski in his official capacity is barred by the Eleventh Amendment. To the extent that defendants Griffin and Barlow are sued in their official capacities, the claims against them are barred by the Eleventh Amendment.

## AS AND FOR A FOURTH DEFENSE

17. The Second Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A FIFTH DEFENSE

18. The Second Amended Complaint against the defendants Griffin, Urbanski and Barlow is barred, in whole or in part, under the Eleventh Amendment.

### AS AND FOR A SIXTH DEFENSE

19. No personal jurisdiction has been acquired over defendants Griffin, Urbanski and Barlow.

### AS AND FOR A SEVENTH DEFENSE

20. Defendants Griffin, Urbanski and Barlow at no time acted willfully or maliciously in disregard of plaintiff's constitutional rights, and plaintiff is therefore not entitled to punitive damages or other relief.

### AS AND FOR AN EIGHTH DEFENSE

21. The injuries allegedly sustained by plaintiff herein were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendants Griffin, Urbanski and Barlow are not responsible.

### AS AND FOR A NINTH DEFENSE

22. Plaintiff has failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act, and the Second Amended Complaint must be dismissed based upon such failure.

### AS AND FOR A TENTH DEFENSE

23. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, she is barred from proceeding under section 1915 of the Prison Litigation Reform Act.

### AS AND FOR AN ELEVENTH DEFENSE

24. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

### AS AND FOR A TWELFTH DEFENSE

25. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

### AS AND FOR A THIRTEENTH DEFENSE

26. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Litigation Reform Act, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or she should be barred from recovery.

### AS AND FOR A FOURTEENTH DEFENSE

27. Defendants Griffin, Urbanski and Barlow did not have the requisite personal involvement in the alleged deprivation to be liable for damages under 42 USC §1983.

28. Defendants Griffin, Urbanski and Barlow hereby demand a trial by jury.

**WHEREFORE**, defendants Patrick Griffin, Stephen Urbanski and Brian Barlow respectfully demand judgment dismissing the Second Amended Complaint, for the costs and

disbursements of this action, and for such other, further and different relief as to the Court shall seem just and equitable.

Dated: Albany, New York
January 4, 2018

GLEASON, DUNN, WALSH & O'SHEA

By: *[signature]*

Mark T. Walsh, Esq.
SDNY Bar No. MW5155
Attorneys for Defendants Griffin, Urbanski
 & Barlow
40 Beaver Street
Albany, New York 12207
Tel: (518) 432-7511
mwalsh@gdwo.net

To:  Betsy Ginsberg, Esq. (*via* ECF)
Cardozo Civil Rights Clinic
*Attorney for Plaintiff*
Cardozo Law School
55 Fifth Avenue, 11th Floor
New York, New York 10003

Susan Hazeldean, Esq. (*via* ECF)
Cornell LGBT Clinic
*Attorney for Plaintiff*
Cornell Law School
149 Myron Taylor Hall
Ithaca, New York 14853

Maria B. Hartofilis, AAG (*via* ECF)
State Attorney General's Office
*Attorneys for State Defendants*
120 Broadway, 26th Floor
New York, New York 10271

Jeffrey P. Mans, Esq. (*via* ECF)
Lippes Mathias Wexler Friedman, LLP
*Attorneys for Defendant Ladenhauf*
54 State Street, Suite 1001
Albany, New York 12207